NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICCARDO McKNIGHT, | |
| Petitioner, | Civil Action No. 13-3747 (WHW) |
| v. | |
| UNITED STATES OF AMERICA, | **MEMORANDUM OPINION** |
| Respondent. | |

This matter is before the Court upon Petitioner's motion requesting an amendment of this Court's prior order that: (a) dismissed, with prejudice, Petitioner's § 2255 claims and his § 2241 claims raised under Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990); and (b) dismissed Petitioner's other § 2241 claim and his § 2254 claim without prejudice. See ECFs Nos. 21 and 22.

Petitioner states that he has just completed serving his state sentences and is now in the process of being transferred to a federal facility where he will start serving his federal term; he also expresses his displeasure with this Court's Barden findings and opines that this Court was without subject matter jurisdiction to adjudicate those §§ 2241 and 2254 claims that were dismissed without prejudice because, once his transfer is complete, Petitioner might end up serving his federal sentence at a facility located outside New Jersey. See ECFs No. 22.

To the extent Petitioner challenges this Court's adjudication of his §§ 2241 and 2254 claims on jurisdictional grounds, his position is without merit. While Petitioner's unexhausted § 2254 claim that attacked the New Jersey Department of Corrections'

1

calculation of his state term might eventually have been rendered moot after this Court's adjudicated it (as a result of Petitioner's recent release, that is, if such release was conclusive rather than a mere parole into federal custody), that claim could have been and – if not mooted – should be litigated only in this District: in terms of venue and subject matter jurisdiction. See Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 500 (1973).

As to Petitioner's speculative § 2241 claim (hypothesizing that the Bureau of Prisons might err in its future calculation of his federal term), that claim could have been adjudicated and dismissed as speculative by *any* federal judge, this Court included. This is so because, as explained below, every federal judge has subject matter jurisdiction over a § 2241 claim, and venue considerations cannot have an impact on a facially meritless claim, granted that no appearance by a respondent and, hence, no in personam jurisdiction concern could be triggered by a claim that requires no answer. See 28 U.S.C. § 2254 Rule 4 (Habeas Rule 4 requires the court to sua sponte screen and dismiss a habeas petition without ordering a responsive pleading "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief"), applicable to Section 2241 actions through Habeas Rule 1(b); see also 28 U.S.C. § 2243; accord Toolasprashad v. Grondolsky, 570 F. Supp. 2d 610, 636 (D.N.J. 2008) (a speculative habeas claim is facially meritless because "the language of § 2241 is set forth in present rather than in future terms, i.e., it reads: 'The writ of habeas corpus shall not extend to a prisoner unless . . . he is [rather than will be] in custody in violation of the Constitution or the laws or treaties of the United States'").

To add, Petitioner's possible future housing outside New Jersey would not be able to affect the presiding tribunal's subject matter jurisdiction even if Petitioner elects to

2

litigate that § 2241 claim when it ripens. This is so because the reference to "jurisdiction" in the habeas statute (connecting the district court to the situs of the litigant's place of confinement) is not a subject-matter-jurisdiction-enabling or stripping provision: that reference merely establishes where the action should be *filed* by the litigant, and where the respondent "should reasonably anticipate being haled into court" in terms of in personam jurisdiction. See 28 U.S.C. § 2241(a); Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474-75 (1985). It has been settled for a decade that this reference has nothing to do with where the action could be *adjudicated* by a federal judge. See Rumsfeld v. Padilla, 542 U.S. 426, 438, 447 and 434 n.7, and 452 (2004) (majority decision and Kennedy, J., concurring). Padilla expressly pointed out that: (a) the reference to jurisdiction "in the habeas statute [was made] not in the sense of subject-matter jurisdiction" but solely for the purposes of determining whether the habeas petitioner had duly identified his warden as respondent and such identification provided the court with in personam jurisdiction over that warden; and (b) "[b]ecause the immediate-custodian and territorial-jurisdiction rules are like . . . venue rules," a lack of the warden's objection to an adjudication in another district necessarily renders in personam challenge waived, without affecting subject matter jurisdiction of the presiding tribunal. Id.

It follows that, unless the warden of Petitioner's future federal facility raises an in personam challenge, Petitioner's ripened and duly-exhausted § 2241 claim attacking the calculation of his federal sentence could be adjudicated in *any* federal district willing to entertain that claim because *every* federal district judge in this nation would have subject matter jurisdiction to address such claim. Indeed, had it been otherwise, and subject

3

matter jurisdiction had been limited only to the tribunal having in personam jurisdiction over a particular warden, the Bureau of Prisons would be able to prevent resolution of all § 2241 applications simply by continuously re-transferring litigants from state to state.

To the extent Petitioner challenges this Court's dismissal of his § 2255 claims on the ground that he is now being transferred from a state prison to a federal facility, that challenge is wholly inapposite to every aspect of this Court's § 2255 findings.

To the extent Petitioner is displeased with this Court's § 2241 findings as to his Barden claims, his displeasure cannot alter this Court's conclusions. See Assisted Living Assoc. of Moorestown, L.L.C., v. Moorestown Tp., 996 F. Supp. 409, 442 (D.N.J. 1998) (mere disagreement with the district court's decision is an inappropriate ground for a motion for reconsideration: such disagreement should be raised through the appellate process) (citing Bermingham v. Sony Corp. of America, Inc., 820 F. Supp. 834, 859 n.8 (D.N.J. 1992), aff'd, 37 F.3d 1485 (3d Cir. 1994); G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990)); see also Drysdale v. Woerth, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001) (a motion for reconsideration may not be used as a means to reargue unsuccessful theories).

To the extent Petitioner is displeased with the Clerk's commencement of two habeas proceedings allowing Petitioner an opportunity to litigate his §§ 2241 and 2254 claims once they are duly exhausted, Petitioner's displeasure of no legal consequence: because he has no obligation to litigate those claims, and these newly commenced §§ 2241 and 2254 matters were already administratively terminated right upon this Court's initial adjudication, without assessment of a filing fee. See Papotto v. Hartford Life & Accident Ins. Co., 731 F.3d 265 (3d Cir. 2013) ("administrative closings . . . are

particularly useful in circumstances in which a case, though not dead [with a certitude], is likely to remain moribund").

For these reasons, Petitioner's motion, ECF No. 22, will be denied.

An appropriate Order follows.

_____
**William H. Walls**
United States Senior District Judge

Dated: 28 July 2014

5